IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELWOOD JOHNSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THERESA A. DELBALSO | : | NO. 13-7672 |

<u>ORDER</u>

AND NOW, this 5th day of May, 2015, upon consideration of petitioner Elwood Johnson's <u>pro se</u> petition for writ of <u>habeas corpus</u> pursuant to 28 U.S.C. § 2254 (docket entry #1), our February 21, 2014 Order referring this matter to the Honorable Jacob P. Hart for a Report and Recommendation, Judge Hart's January 28, 2015 Report and Recommendation (docket entry #27), petitioner's <u>pro se</u> Objections to the Report and Recommendation (docket entry #32) and <u>pro se</u> "motion to leave to amend argument to objection" (docket entry #34), and the Court finding that:

(a)    In his January 28, 2015 Report and Recommendation ("R&R"), Judge Hart recommends that we deny petitioner's Section 2254 <u>habeas</u> petition and decline to issue a certificate of appealability, R&R at 1, 9;

(b)    Local Civil Rule 72.1 IV(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report under 28 U.S.C. 636(b)(1)(B) … within fourteen days after being served with a copy thereof" by filing "written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections;"

(c)    We granted petitioner's <u>pro se</u> motion for an extension of time in which to file his objections, and petitioner filed both his Objections and his "motion to leave to amend

argument to objection" before the extended deadline of March 13, 2015, see February 24, 2015 Objections and March 12, 2015 Motion;

(d)    We make a de novo determination of those portions of the report or specified proposed findings or recommendations to which petitioner objects, see 28 U.S.C. § 636;

(e)    We briefly rehearse the factual and procedural history of petitioner's case, as drawn from the R&R, which comprehensively cited to the state court record;

(f)    On November 21, 2008, following a jury trial in the Court of Common Pleas for Montgomery County, petitioner was convicted of possession of cocaine with intent to deliver, criminal conspiracy, participating in a corrupt organization, and dealing in the proceeds of unlawful activity, R&R at 1 (citing Petition at ¶¶ 2, 5);

(g)    On February 5, 2009, petitioner was sentenced to a prison term of sixteen and a half to thirty-three years, id. (citing Petition at ¶¶ 2, 3);

(h)     Johnson filed a direct appeal in which he argued that the trial court erred in denying his motion to suppress evidence obtained from what he claimed was an illegal search of his residence and that the evidence against him was insufficient to support his conviction, id. (citing Commonwealth v. Johnson, No. 2033 EDA 2009 (Pa. Super. Ct. Aug. 6, 2010) at 4), and the Pennsylvania Superior Court denied his appeal on August 6, 2010, id.;

(i)    On April 29, 2011, petitioner filed a pro se petition under Pennsylvania's Post-Conviction Relief Act, 42 Pa. Cons. Stat. Ann. § 9541 et seq., id. at 2 (citing Commonwealth v. Johnson, No. 9065-06 (C.C.P. Mont. Apr. 14, 2014));

(j)    The PCRA Court dismissed this petition after appointed counsel filed a letter of no merit under Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988), but the

Pennsylvania Superior Court reinstated the PCRA petition on December 18, 2012, finding that it was unclear whether appointed counsel had considered arguments raised by petitioner in several pro se filings in the PCRA case, id.;

(k)     While the first PCRA petition was pending on appeal, petitioner filed a second PCRA petition on September 20, 2012, and the PCRA Court dismissed it without prejudice because it was premature in light of the pending first petition, id.;

(l)     The PCRA Court reappointed former PCRA counsel on the first petition, and after a hearing on one issue, a written submission from counsel on the other issues, and appropriate notice to petitioner, the PCRA Court dismissed the first PCRA petition as lacking merit, id., and petitioner did not appeal the dismissal, id.;

(m)     In the same May 13, 2014 order in which the PCRA Court dismissed the first PCRA petition, the PCRA Court dismissed without prejudice, and as premature, a third PCRA petition that the petitioner filed on December 21, 2012, id.;

(n)     On July 18, 2013, petitioner filed a fourth PCRA petition, which included a claim that the Commonwealth of Pennsylvania had wrongfully filed an amended complaint one month after filing its original complaint against him, without ever providing him with a copy of the original complaint, id.;

(o)     Petitioner's argument appeared to be that trial counsel was thereby misled into stipulating at a pre-trial hearing to the admission of a laboratory report that pertained to drug sales that were not charged in the second complaint, id. at 2-3 (citing Notice of Intention to Dismiss Fourth PCRA Petition, No. 9065-06 (C.C.P. Mont. Jan. 2, 2014) at 6);

(p)     On January 17, 2014, the PCRA Court dismissed the fourth petition as time-barred, as the PCRA requires all petitions to be filed within one year from the date the

petitioner's judgment of sentence become final, id. at 3 (citing 42 Pa. Cons. Stat. Ann. § 9545(b)(1));

(q)     The PCRA Court explained that petitioner's judgment became final on June 7, 2011 and he had only until June 7, 2012 to file a PCRA petition, id.;

(r)     On April 14, 2014, the PCRA Court explained in an opinion supporting the dismissal that petitioner did not meet any one of the three exceptions to the one year statute of limitations, and noted in passing the utter lack of merit to petitioner's new claim, id.;

(s)     Petitioner appealed the PCRA Court's dismissal of his fourth PCRA petition, setting forth two issues, id. (citing Commonwealth v. Johnson, No. 9065-06, Concise Statement (C.C.P. Mont. Feb. 25, 2014));

(t)     On October 22, 2014, the Pennsylvania Superior Court affirmed the PCRA Court's dismissal of the fourth PCRA petition, finding the petition was time-barred and that petitioner was not entitled to an exception from the statute of limitations, id. at 4 (citing Commonwealth v. Johnson, No. 503 EDA 2014 (Pa. Super. Ct. Oct. 22, 2014);

(u)     On December 31, 2013, before the Court of Common Pleas ruled on his fourth PCRA petition, petitioner filed the present petition for federal habeas corpus relief, id.;

(v)     In his federal habeas petition, petitioner claims that the amended complaint the Commonwealth filed against him: (1) violated his due process rights under the United States Constitution, (2) violated his Sixth Amendment right to counsel, and (3) constituted a violation of Brady v. Maryland, 373 U.S. 83 (1963), id.;

(w)     Petitioner also claims that (4) the Commonwealth maliciously prosecuted him because it tried him despite its knowledge of (1)-(3), (5) the court lacked subject-matter jurisdiction to try him because certain charges with withdrawn and never refiled, (6) his

4

residence was searched without probable cause, and (7) trial counsel was ineffective in failing to properly investigated his case and failing to object to the violation of a witness sequestration order, id.;

(x)     Petitioner objects to the portions of the R&R that: (1) stated his first, second, third, fourth, fifth, six, and seventh claims are procedurally defaulted and non-cognizable, (2) adopted the "conclusion of the lower court concerning" petitioner's claims without considering petitioner's arguments and exhibits, (3) agreed with the lower court concerning petitioner's Brady claim "without reviewing the procedural time line," (4) evaluated the state court's "misapplication of the law" concerning "when the sixty-day clock is triggered" under 42 Pa. Cons. Stat. Ann. § 9545(b)(2), (5) did not consider "cause and prejudice" regarding petitioner's Brady claim, and (6) concluded that there was no basis "for the issuance of a certificate of appealability on claims one, two, four seven and three, the Brady claim as the gateway," Objections at 1-2;

(y)     We are to construe pro se litigants' pleadings liberally, Estelle v. Gamble, 429 U.S. 97, 106 (1976);

(z)     We consider the petitioner's six specific objections in turn;

(aa)     First, the petitioner objects to the R&R's conclusion that all of his claims are procedurally defaulted and non-cognizable, Objections at 1;

(bb)     The R&R concluded that petitioner's first, second, and fourth claims were unexhausted and defaulted because "state claims based on the same facts have been found to have been time barred by the Pennsylvania Superior Court" and petitioner never raised his federal claims before the Commonwealth, id. at 5, that his third claim was properly exhausted

but found by the Commonwealth courts to be procedurally defaulted, id. at 8, and that his fifth and sixth claims were non-cognizable issues of state law, id. at 8;

(cc)     The R&R also concluded that petitioner's seventh claim, that his trial counsel was constitutionally ineffective for failing to adequately dismiss his case and failing to object to the violation of a witness sequestration order, is unexhausted and defaulted, because petitioner did not appeal the dismissal of his first PCRA petition -- which included some claims for ineffective assistance of counsel -- and it is now too late for petitioner to return to state court to permit them to consider this claim, id. at 6;

(dd)     A federal court will not address the merits of claims in a habeas petition unless the petitioner has exhausted the remedies available to him in state court, 28 U.S.C. § 2254(b)(1)(A); Carter v. Vaughn, 62 F.3d 591, 594 (3d Cir. 1995); Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994);

(ee)     Appeal to the Pennsylvania Superior Court is sufficient, Whitney v. Horn, 280 F.3d 240, 250 n.10 (3d Cir. 2002), and a claim is exhausted if "fairly presented" to the state court, Baldwin v. Reese, 541 U.S. 27 (2004);

(ff)     A claim is fairly presented if the petitioner presents the federal claim's factual and legal substance to the state courts such that the state court is on notice that the petitioner is asserting a federal claim, McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citing Duncan v. Henry, 513 U.S. 364, 365-66 (1995)), and so it is not enough that the state court considered a state claim seeking the same relief, id.;

(gg)     Petitioner argues that his first, second, and fourth claims are not procedurally defaulted because his Brady claim is "the gateway claim" to those three claims, Objections at 10;

6

(hh)    While petitioner properly exhausted his <u>Brady</u> claim, the Commonwealth courts determined it was procedurally defaulted, R&R at 8;

(ii)    As petitioner's third claim for a <u>Brady</u> violation is procedurally defaulted, and as we discuss below, petitioner cannot show cause and prejudice for this default, it cannot serve as a "gateway" for petitioner's other claims;

(jj)    Though petitioner objected generally to the R&R's conclusions regarding his other claims, he neither explained why nor provided reasoning to support his objections;

(kk)    We will therefore overrule petitioner's first objection;

(ll)    We adopt the portion of the R&R concluding all of petitioner's claims are unexhausted and defaulted, exhausted but defaulted, or non-cognizable issues of state law;

(mm)   Second, we consider petitioner's objection that the R&R adopted the "conclusion of the lower court concerning" petitioner's claims without considering petitioner's arguments and exhibits, Objections at 1;

(nn)    Petitioner does not specifically identify what exhibits the R&R failed to consider, though we infer that he is primarily dissatisfied that the R&R did not consider the differences between two affidavits of probable cause filed in his case, see <u>id.</u> at 12-13;

(oo)    Both because petitioner fails to identify specifically to what he means to object in the R&R, and because the affidavits have no bearing on the R&R's conclusions regarding petitioner's procedural default or failure to exhaust, we will overrule petitioner's second objection;

(pp)    Third, we consider petitioner's objection that the R&R agreed with the lower court concerning petitioner's <u>Brady</u> claim "without reviewing the procedural time line," <u>id.</u> at 1;

(qq)    Petitioner objects that his <u>Brady</u> claim is not procedurally defaulted because when the Commonwealth made that determination, it misapplied the sixty-day time period in 42 Pa. Cons. Stat. Ann. § 9545(b)(2), <u>id.</u> at 10, and because petitioner did not learn of the conflicting affidavits until after May of 2010, <u>id.</u> at 11;

(rr)    As petitioner's third objection appears to be the same as his fourth objection, that the R&R did not evaluate the state court's "misapplication of the law" concerning "when the sixty-day clock is triggered" under 42 Pa. Cons. Stat. Ann. § 9545(b)(2), <u>id.</u> at 1, we consider both objections together;

(ss)    42 Pa. Cons. Stat. Ann. § 9545(a) provides that a petitioner seeking PCRA review must file his petition within one year of the date his judgment of sentence becomes final, unless the petitioner alleges an exception under 42 Pa. Cons. Stat. Ann. § 9545(b)(1);

(tt)    Those exceptions include that (i) the failure to raise the claim previously was the result of government interference with the presentation of the claim in violation of federal or state law, (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence, and (iii) the right asserted is a constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period and the right was made retroactive, 42 Pa. Cons. Stat. Ann. § 9545(b)(1);

(uu)    The statute also provides that any petition invoking such an exception must be filed within sixty days of the date the claim could have been presented, 42 Pa. Cons. Stat. Ann. § 9545(b)(2);

(vv)     Petitioner alleges that he did not realize there was a conflict between two affidavits of probable cause filed on November 24, 2006 and October 30, 2006, until August 17, 2012, and he filed a PCRA petition raising this issue on September 20, 2012, Objections at 11;

(ww)    The Court of Common Pleas determined that petitioner had knowledge of the operative facts underlying this claim long before August 17, 2012, as he was present at his preliminary hearing on November 6, 2006, and his preliminary arraignment on November 24, 2006, at which time he learned of the additional charges filed against him, and therefore petitioner did not need a copy of the October 30, 2006 complaint to know that the affidavits of probable cause were different, see Commonwealth v. Johnson, No. 9065-06 (C.C.P. Mont. Apr. 14, 2014) (Furber, P.J.), at 10-11;

(xx)     The Court of Common Pleas further determined that petitioner could and should have through the exercise of reasonable investigation and due diligence raised this claim in his first PCRA petition, rendering the claim time-barred without excuse, and that even if petitioner had timely raised the claim, it would be without merit, because the Commonwealth is permitted to withdraw criminal complaints prior to a preliminary hearing and then file a new complaint adding new charges, and so nothing required the Commonwealth to include an affidavit of probable cause with information about yet-to-be-filed charges, id. at 11;

(yy)     We presume State court determinations of a factual issues to be correct, and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence, 28 U.S.C. § 2254(e)(1), and petitioner has failed to present evidence showing why we should not presume these factual findings to be correct;

(zz)     We will therefore overrule petitioner's third and fourth objections;

(aaa)    Fifth, petitioner objects that the R&R did not consider "cause and prejudice" regarding petitioner's <u>Brady</u> claim, Objections at 1;

(bbb)    When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, we cannot review his claims in a <u>habeas</u> proceeding unless he demonstrates cause and prejudice for his default, or that failure to consider his claims will result in a fundamental miscarriage of justice, <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991);

(ccc)    Petitioner's arguments for cause and prejudice are the same as his arguments for why his claim is not procedurally defaulted, namely that he did receives copies of the various affidavits of probable cause until after he filed his first PCRA petition, Objections at 13;

(ddd)    As petitioner has failed to show cause and prejudice excusing his default, or that failing to consider his claims will result in a fundamental miscarriage of justice, we will overrule his fifth objection;

(eee)    Sixth, petitioner objects that the R&R concluded that there was no basis "for the issuance of a certificate of appealability on claims one, two, four[,] seven and three, the Brady claim as the gateway," Objections at 1-2;

(fff)    Petitioner provides no argument on this point, and we will overrule his sixth objection;

(ggg)    Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit provides that "at the time a final order denying a habeas petition…is issued, the district court judge will make a determination as to whether a certificate of appealability should issue;" and

(hhh)   Such a certificate should only issue if the petitioner demonstrates that reasonable jurists could debate whether the petition states a valid claim for a denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000), and as petitioner has failed to do so, we will not issue a certificate of appealability.

It is hereby ORDERED that:

1.      Petitioner's "motion for leave to amend argument to objection" (docket entry #34) is GRANTED;

2.      Petitioner's objections (docket entry #32) are OVERRULED;

3.      Judge Hart's report and recommendation (docket entry #27) is APPROVED and ADOPTED;

4.      Petitioner's habeas petition (docket entry #1) is DISMISSED WITH PREJUDICE and without an evidentiary hearing;

5.      Because reasonable jurists would not debate whether the petition states a valid claim for a denial of a constitutional right, Slack v. McDaniel, 529 U.S. 473, 484 (2000), we will DECLINE to issue a certificate of appealability; and

6.      The Clerk of Court shall CLOSE this case statistically.

BY THE COURT:

/s/ Stewart Dalzell, J.

11